```
 1                IN THE UNITED STATES DISTRICT COURT

 2                        DISTRICT OF UTAH

 3                        CENTRAL DIVISION

 4

 5  UNITED STATES OF AMERICA,      )

 6           Plaintiff,            )

 7     vs.                         )  Case No. 2:09-CR-251TS

 8  DAHAN DONTRE DAMARI ANDERSON,  )

 9           Defendant.            )

10  _____)

11

12              BEFORE THE HONORABLE TED STEWART

13           ---------------------------------

14                       March 2, 2010

15                        Sentencing

16

17

18

19

20

21

22

23

24  REPORTED BY: Patti Walker, CSR, RPR, CP

25  350 South Main Street, #146, Salt Lake City, Utah  84101
```

```
 1                       A P P E A R A N C E S
 2
 3
 4   For Plaintiff:              Karin Fojtik, AUSA
                                 185 South State Street, #300
 5                               Salt Lake City, Utah  84111
 6
 7
     For Defendant:              Stephen McCaughey
 8                               10 West Broadway, #650
                                 Salt Lake City, Utah  84101
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1         SALT LAKE CITY, UTAH; TUESDAY, MARCH 2, 2010; 2:00 P.M.
 2                              PROCEEDINGS
 3              THE COURT:  We are here in the case of United
 4   States of America vs. Dahan Damari Anderson.  This is case
 5   09-CR-251.  Representing the United States is Ms. Karin
 6   Fojtik and on behalf of the defendant Mr. Steve McCaughey.
 7   The purpose of this hearing is to first deal with any
 8   factual disputes or legal issues that may arise out of the
 9   presentence report and then the imposition of the sentence
10   in this case.
11              Ms. Fojtik, did you receive a copy of that
12   presentence report?
13              MS. FOJTIK:  I did, Your Honor.
14              THE COURT:  Did you as well, Mr. McCaughey?
15              MR. McCAUGHEY:  I did, Your Honor.
16              THE COURT:  Did you have a chance to review it
17   with Mr. Anderson?
18              MR. McCAUGHEY:  I did.
19              THE COURT:  Mr. Anderson, was a copy of the
20   presentence report made available to you?
21              MR. ANDERSON:  Yes.
22              THE COURT:  Did you have an adequate opportunity
23   to discuss it with Mr. McCaughey?
24              MR. ANDERSON:  Yes.
25              THE COURT:  The presentence report will be made a
```

1  part of the record.  The clerk is ordered to place the
2  report under seal.  If an appeal is taken, counsel on appeal
3  will be permitted access to all parts of the report except
4  for the probation officer's rationale.
5            Counsel, the Court would note that the presentence
6  report does reflect an offense level of 21, a criminal
7  history category of Roman numeral IV, therefore an advisory
8  guideline range of 57 to 71 months.  Do either of you
9  dispute those calculations?
10           Ms. Fojtik?
11           MS. FOJTIK:  No, Your Honor.
12           THE COURT:  Mr. McCaughey?
13           MR. McCAUGHEY:  No, Your Honor.
14           THE COURT:  The Court would make the following
15 ruling, counsel.  The Court has reviewed the sentence
16 proposed by the parties pursuant to Federal Rule of Criminal
17 Procedure 11(c)(1)(C), as was contained in the plea
18 agreement, and has considered the advisory guideline range
19 called for by the sentencing guidelines between a range of
20 57 to 71 months.  The Court finds that the sentence called
21 for by the parties' agreement represents a reasonable and
22 fair resolution of this case, given the unique nature of the
23 case and the totality of the circumstances, pursuant to the
24 sentencing directives set forth by Congress in 18 U.S. Code,
25 Section 3553(a).

1           Therefore, the Court formally accepts the
2    defendant's plea of guilty, which was previously accepted
3    only provisionally, and hereby adjudges him guilty of the
4    offense pleaded to.  Pursuant to Rule 11(c)(4), the Court
5    further accepts the plea agreement and agrees to be bound
6    thereto under Rule 11(c)(1)(C), and the sentence imposed by
7    the Court will embody that agreement.
8           Mr. McCaughey, do you have anything you would like
9    to say on behalf of Mr. Anderson?
10          MR. McCAUGHEY:  No, Your Honor.
11          THE COURT:  Mr. Anderson, is there anything you
12   would like to say to the Court?
13          MR. ANDERSON:  I just want to say thank you, and I
14   want to say I'm -- I want it to be noted that I'm remorseful
15   and I'm sorry to all the victims that were affected by what
16   I've done, my family and also to the community.  And I just
17   wanted to state that I accept everything, my responsibility
18   and the consequences of the actions and the choices I made
19   and everything I've done, and just say thank you.
20          THE COURT:  Thank you, Mr. Anderson.
21          The Court wants to note for the record that it
22   received from Mr. Anderson two letters that the Court has
23   reviewed and has considered in determining whether or not
24   the 60-month sentence that it is about to impose is a
25   reasonable sentence.

1     Ms. Fojtik, do you have anything you would like to
2  add?
3     MS. FOJTIK:  First, I just want the Court to be
4  aware we did make efforts to reach the victims in this case.
5  They were aware of this result and felt it was an
6  appropriate result in this case.  So the Court is aware of
7  that.  And, additionally, we do need to dismiss the
8  underlying indictment because Mr. Anderson pled to an
9  information, if I remember correctly.  We would make that
10 motion at this point in time.
11    THE COURT:  Assuming that to be the case, the
12 Court will grant the motion.
13    Counsel, the Court wants to note that the sentence
14 it is going to impose, as already indicated, is the 60
15 months that was agreed to by the plea agreement.  It is
16 within the guideline range, but it is also the statutory
17 maximum sentence that would be permitted in this case.
18    The Court would have to note that if not for that
19 agreement, it probably would have been inclined to impose a
20 sentence above 60 months, if it had been permitted, but it
21 was not because the law does not permit it, based upon the
22 nature of the offense here and specifically the conduct
23 reflected by Mr. Anderson.  Mr. Anderson does have a long
24 criminal history.  A good part of it is relatively minor,
25 but there are obvious streaks of violence, which have been

1  violence towards women.  He also has a serious substance
2  abuse problem.
3          The Court believes, however, that when considering
4  all of the factors in 3553 as well as the fact that two
5  esteemed counsel agreed to the 60-month sentence, the fact
6  that the law does not permit a higher sentence, there is not
7  much more the Court can do.  For that reason, the Court will
8  impose the following sentence believing it to be a
9  reasonable sentence.
10         It is the judgment of the Court that the
11 defendant, Dahan Damari Anderson, is placed in the custody
12 of the United States Bureau of Prisons for a period of 60
13 months.  Upon release from confinement, the defendant shall
14 be place on supervised release for a term of 36 months.
15 Within 72 hours of release from the custody of the Bureau of
16 Prisons, the defendant shall report in person to the
17 probation office in the district to which the defendant is
18 released.
19         The Court orders that the defendant submit to one
20 drug test within 15 days of placement on supervision and at
21 least two periodic drug tests thereafter as directed by the
22 probation officer, in addition to any other testing
23 requirements ordered by the Court.
24         The Court orders that the defendant submit to the
25 collection of a DNA sample.

1           The defendant shall not commit any federal, state
2  or local crime and, as a convicted felon, shall be
3  prohibited from possessing a firearm or other dangerous
4  device.  In addition, the defendant shall not illegally
5  possess a controlled substance and shall comply with the
6  standard conditions of supervised release as adopted by this
7  Court.
8           The defendant shall also comply with the following
9  special conditions.  First, the defendant will submit to
10 drug or alcohol testing as directed by the probation office
11 and pay a one-time $115 fee to partially defray the cost of
12 collection and testing.
13          Second, the defendant shall participate in a
14 substance abuse evaluation and/or treatment under a
15 co-payment plan as directed by the probation office.  During
16 the course of such treatment, the defendant shall not
17 consume alcohol nor frequent any establishment where alcohol
18 is the primary item of order.
19          Third, the defendant shall submit his person,
20 residence, office, or vehicle to a search conducted by the
21 probation office at a reasonable time and in a reasonable
22 manner based upon reasonable suspicion of contraband or
23 evidence of a violation of a condition of release.  He shall
24 warn any other residents that the premises may be subject to
25 search.  Failure to submit to a search may be grounds for

1   revocation.

2           The Court finds that the defendant does not have
3   the ability to pay a fine, therefore no fine will be
4   imposed.  But he is ordered to pay a special assessment fee
5   in the amount of $100, which shall be due immediately.

6           Counsel, do either of you wish to make a legal
7   objection to the sentence you just heard?

8           MS. FOJTIK:  Your Honor, if I could make one
9   request.  I apologize.  You said that -- if we could also
10  include a term that indicates he's to have no contact,
11  direct or indirect, with the victims and the witnesses in
12  this case as a term of his supervised release as well, I
13  think that would make them feel more comfortable.

14          THE COURT:  The Court will grant that request and
15  order that that be included in the terms of supervised
16  release.

17          Mr. McCaughey, do you have anything?

18          MR. McCAUGHEY:  No, Your Honor.

19          THE COURT:  The Court orders that the sentence
20  shall be imposed as stated.

21          Mr. Anderson, the plea agreement that you entered
22  into in this case did contain a waiver of your right to
23  appeal.  It's possible, however, that there may be something
24  about either your conviction or the sentence that you just
25  received that you believe is not covered by that waiver.  If

1   that is the case, you do need to understand, with very few
2   exceptions, any notice of an appeal must be filed within 14
3   days of judgment being entered in this case.  If you cannot
4   afford an attorney to pursue that appeal, the Court will
5   appoint an attorney for you and the Court will provide to
6   that attorney the transcript from this proceeding that would
7   be required for the appeal.
8            If you cannot afford the cost of an appeal, you
9   may apply for leave to appeal in forma pauperis, and
10  Mr. McCaughey can explain to you what that means.  If you
11  request, the clerk of the court will prepare and file a
12  notice of appeal on your behalf.
13           Mr. Anderson, I just have to say one thing to you.
14  There was something in the letters that you sent to me which
15  reveals to the Court that you have talents and abilities,
16  that you have -- to this point in your life, to the extent
17  you have used them, you've used them for the wrong thing.
18  My guess is you have probably not used them wisely to a very
19  large extent.
20           Sixty months is a long time, but it is not such a
21  long period of time that if you were to make the decision to
22  change your life and when you are released from custody,
23  take advantage of those talents and advantages that you
24  have, there is no reason why you cannot be a very productive
25  member of society for the remainder of your life.  I just

1  hope that you will make that decision during this period
2  that you are incarcerated.
3           Is there anything else, counsel?
4           MS. FOJTIK:  No, nothing from us.
5           MR. McCAUGHEY:  No.  If you could just recommend
6  Terminal Island for family visitation.
7           THE COURT:  The Court will make that
8  recommendation.
9           The defendant will be remanded to the custody of
10 the marshal.
11          We'll be in recess.
12          (Whereupon, the proceeding was concluded.)
13
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T E

I hereby certify that the foregoing matter is transcribed from the stenographic notes taken by me and is a true and accurate transcription of the same.

PATTI WALKER, CSR-RPR-CP        DATED:
Official Court Reporter
350 South Main Street, #146
Salt Lake City, Utah  84101
801-364-5440